IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH E. TALLEY | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. ADC-20-16 |
| NATIONAL GENERAL CAR INSURANCE | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant National General Car Insurance[1] ("Defendant") moves this Court to dismiss, or in the alternative, for a grant of summary judgment. Plaintiff Kenneth E. Talley ("Plaintiff") filed an Amended Complaint alleging that Defendant "deliberately used law enforcement" to violate his Fourteenth Amendment right to the "pursuit of [h]appiness." ECF No. 7 at 4. Defendant now files a Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment (ECF No. 27). After considering the Motion and response thereto (ECF No. 29), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein the Defendant's motion is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2020, Plaintiff filed the complaint in this Court, invoking federal question jurisdiction for "libel" under 28 U.S. Code § 4101. ECF No. 1 at 4. On November 24, 2020, the Court ordered *sua sponte* that Plaintiff be provided with an opportunity to file an amended

---

[1] Plaintiff's Amended Complaint improperly names the Defendant as "National General Car Insurance." However, the Defendant's proper name is National General Assurance Company. *See* ECF No. 27-1 at 2; ECF No. 29-1.

1

complaint because the original complaint lacked a basis for this Court's jurisdiction. ECF No. 6 at 1. The section of law that Plaintiff originally evoked did not apply and thus no federal question jurisdiction was established. *Id.* at 2. The order made clear that "an amended complaint will replace the original complaint," therefore, the amended complaint "must include all of the allegations against each Defendant regarding the claims he seeks to raise in his amended complaint, so that the amended complaint may stand alone as the sole complaint in this action." *Id.* at 4.

Plaintiff filed the Amended Complaint on December 14, 2020, alleging: "Defendant deliberately used law enforcement as a way to deny me my 14th ammendment [sic] right to the Pursuit of Happiness." ECF No 7 at 4. Plaintiff alleges that he informed Defendant that he no longer needed its car insurance services at the end of his contract with Defendant, and Defendant proceeded to send him letters and make threatening phone calls to have his tags suspended. *Id.* at 6. Plaintiff alleges he was pulled over twice despite having car insurance, and the penalty was to have his tags taken, as well as his car towed and impounded. *Id.* Plaintiff alleges $5,600 in monetary damages, $75,000 in pain and suffering, and $500,000 in punitive damages. *Id.*

This Court determined that Plaintiff's Amended Complaint did invoke diversity jurisdiction. ECF No. 8 at 2. On August 10, 2021, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 27. Plaintiff responded in opposition on August 26, 2021. ECF No. 29. Accordingly, this matter is now fully briefed. The Court has reviewed Defendant's Motion as well as the response thereto, and for the following reasons, Defendant's Motion is GRANTED.

## DISCUSSION

### A. Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The pleading requirements for a complaint to state a claim for relief are set in Rule 8(a). A complaint requires "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a)(2). The statement of the claim must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. A pleading that offers only "labels and conclusions or . . . naked assertions" is insufficient. *Id.* at 678 (citations omitted). A court considering a motion to dismiss must accept as true all factual allegations in the complaint, but not legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citations omitted).

At issue here, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the

pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied,* 141 S. Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Therefore, "even a pro se complaint must be dismissed if it does not allege a plausible claim for relief." *Wilson v. Wexford Health Sources, Inc.*, No. CV GLR-18-2175, 2020 WL 510332, at *4 (D.Md. Jan. 31, 2020) (citations omitted).

A motion styled as a Motion to Dismiss or, in the Alternative, for Summary Judgment, implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436–37 (D.Md.2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that if the Court considers matters outside the pleadings, the Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at *7 (D.Md. Feb. 14, 2018) (citations omitted). "In general, courts are guided by whether consideration of extraneous material is likely to facilitate the disposition of the action, and whether discovery prior to the utilization of the summary judgment procedure is necessary." *Id.* (citation omitted). However, under Rule 12(b)(6), a court may consider documents that are explicitly incorporated by reference or attached as exhibits to the complaint, as well as authentic documents submitted by the movant that are integral to the complaint, without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). *See State Farm Mutual Automobile Insurance Company v. Slade Healthcare, Inc.*, 381 F.Supp.3d 536, 552 (D.Md. 2019).

4

Here, the Court does not find any additional documents outside the Amended Complaint that are integral to the Amended Complaint and likely to facilitate the disposition of this action. *See Goines*, 822 F.3d at 166; *Whitaker*, 2018 WL 902169, at *7. The attachments to the original complaint were not re-filed. Plaintiff does offer two documents to support its opposition: a letter from Defendant to the Better Business Bureau denying any record of Plaintiff canceling his car insurance services and screen captures of what appear to be negative online reviews of Defendant's services. These are not integral to the Amended Complaint, so the Court will not consider them. The Court will rule based on Plaintiff's Amended Complaint, thus construing Defendant's motion as a motion to dismiss.

## B. Defendant's Motion

Defendant seeks dismissal of Plaintiff's Complaint contending that Plaintiff failed to state any factual basis for his claim that Defendant violated his Fourteenth Amendment right. ECF No. 27-1 at 4, 7. The Court agrees. Because Plaintiff brings this action pro se, the Court will liberally construe the sufficiency of his Amended Complaint. *See Erickson*, 551 U.S. at 94. Plaintiff's Amended Complaint alleges that Defendant used law enforcement to deny him his right to the pursuit of happiness under the Fourteenth Amendment. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Amend. XIV § 1. The Court construes Plaintiff's assertion of the law as an attempt to bring an action for a civil rights violation under 42 U.S.C. § 1983.

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

5

> States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A claim under § 1983 requires Plaintiff assert that an alleged constitutional deprivation occurred as a result of Defendant acting "under color of state law." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted). The "under color of state law" analysis is the same analysis used for claims under the Fourteenth Amendment, requiring that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Davison*, 912 F.3d at 679 (quoting *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006)). What constitutes such action "is a matter of normative judgment," looking to the "totality of the circumstances" for a "sufficiently close nexus with the State." *Id.* at 679–80 (citations omitted).

Here, even considering the liberal standard to review a pro se party's complaint, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff identifies National General Car Insurance as the sole defendant and alleges no facts to show that Defendant's conduct was "fairly attributable to the State" in depriving him of his federal right. Plaintiff's Amended Complaint states that Defendant sent letters and made threatening phone calls to him to have his tags taken, but this still fails to provide any allegation linking Defendant depriving Plaintiff of a federal right under "the authority of state law." *See West*, 487 U.S. at 49. "[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing*, 959 F.3d at 618. Plaintiff alleges no relationship between the State and Defendant, no contacts between the State and Defendant, and no connection between Defendant's conduct and Plaintiff's traffic

6

stops. In short, Plaintiff provides no facts to link Defendant to any State action to deprive his constitutional rights, therefore Plaintiff's Amended Complaint must be dismissed.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that Plaintiff has failed to plead sufficient facts, even under the more lenient standard for pro se litigants, to state a claim for violation of the Fourteenth Amendment under 42 U.S.C. § 1983. Therefore, Defendant's Motion (ECF No. 27), construed as a motion to dismiss, is GRANTED. A separate order will follow.

Date: 21 September 2021

A. David Copperthite
United States Magistrate Judge